UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DARIAN LUMPKIN, Personal Representative )
of the Estate of ZACHERY LUMPKIN, Deceased )
)
Plaintiff, )
) 2:12-cv-320
v. )
)
ROMAN KONONOV, *et al.* )
)
Defendants.

## OPINION AND ORDER

This matter is before the court on the Defendants' Rule 26(d) Motion to Set Priority in Questioning at the Deposition of Benjamin Lemon III [DE 39] filed on January 3, 2013. For the following reasons, the motion is **GRANTED.**

## Background

This matter arises from a collision between the decedent Zachery Lumpkin's motorcycle and a tractor-trailer operated by the defendant, Roman Kononov, on June 30, 2012. The police report prepared after the accident listed a single witness, Benjamin Lemon III, the decedent's brother-in-law. Lemon was riding beside or behind Lumpkin at the time of the accident. After the accident, plaintiff's counsel took a statement from Lemon and has had conversations with him concerning the accident.

Defense counsel intended to issue a notice of subpoena for the deposition of Lemon. The plaintiff's counsel objected because the parties had yet to hold their Rule 26(f) discovery conference. Defense counsel agreed to postpone the deposition until after the Rule 26(f)

conference. Following the Rule 26(f) conference, plaintiff's counsel issued a subpoena to conduct the deposition of Lemon. The parties now dispute who should have priority in questioning Lemon.

Discussion

In the past, priority to question a witness was given to the party who issued the notice of deposition. *See **United States v. Bartesch***, 110 F.R.D. 128, 129 (N.D. Ill. 1986). This rule was abolished in the Advisory Committee Notes to the 1970 Amendments, which states:

> The principal effects of the new provision are first, to eliminate any fixed priority in the sequence of discovery, and second, to make clear and explicit the court's power to establish priority by an order issued in a particular case.

48 F.R.D. 487, 506 (1970).

"Under the federal rules, a discovery priority is not established based upon which party noticed a deposition first, but rather, Rule 26(d) authorizes the court to order the sequence of discovery upon motion." ***Occidental Chemical Corp. v. OHM Remediation Services***, 168 F.R.D. 13, 14 (W.D.N.Y. 1996) (citing ***Meisch v. Fifth Transoceanic Shipping Company Limited***, 1994 WL 582960 at *1 (S.D.N.Y.1994)). Rule 26(d) grants the court wide discretion to set discovery schedules. ***Bartesch***, 110 F.R.D. at 129.

Here, the defendant asks the court to set priority in questioning so that he can question Lemon before plaintiff's counsel. Defense counsel argues that Lemon has a close familial relationship with the plaintiff and that plaintiff's counsel already had the opportunity to take Lemon's statement and discuss the case with him. Defense counsel fears plaintiff's counsel will attempt to represent Lemon at the deposition and that any testimony Lemon provides will be scripted. Plaintiff's counsel opposes, arguing that Lemon is an independent fact witness and that

2

both parties have an interest in taking his deposition.

Generally, it is understood that the party who notices a deposition will have priority in asking questions, and that opposing counsel will have priority to question the other side's witnesses. This is because the party whose witness is being deposed generally knows what the witness's testimony will be, and the purpose of the deposition is to allow the other side to find out what the witness knows about the matter. Although plaintiff's counsel argues that Lemon is an independent witness who both parties have an interest in deposing, Lemon's independence is questionable. He is related to the plaintiff, and plaintiff's counsel has had numerous conversations with him concerning the case, which defense counsel has not been able to do. Plaintiff's counsel also was aware of defense counsel's intent to take his deposition, and although defense counsel attempted to prepare and serve a subpoena prior to the Rule 26(f) conference, his decision not to serve the subpoena and schedule the deposition following the Rule 26(f) conference may have been due to his reliance on his conversations with plaintiff's counsel to continue the deposition. For these reasons, the court finds that it is in the interest of justice to allow defense counsel to question Lemon first at the deposition.

Based on the foregoing, the Defendants' Rule 26(d) Motion to Set Priority in Questioning at the Deposition of Benjamin Lemon III [DE 39] is **GRANTED.**

ENTERED this 3rd day of April, 2013

/s/ Andrew P. Rodovich
United States Magistrate Judge