UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DARIAN LUMPKIN, Personal Representative of the Estate of Zachery Lumpkin, deceased, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 2:12-cv-320 ) ) |
| ROMAN KONONOV, et al., | ) ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on the Motion for a Protective Order to Quash the Deposition Notice of Scotlynn Commodities, Inc.'s Owner and President Scott Biddle [DE 56] filed on August 1, 2013. For the following reasons, the motion is **GRANTED IN PART and DENIED IN PART.**

*Background*

On June 30, 2012, Zachery Lumpkin was riding his motorcycle when a tractor-trailer operated by the defendant, Roman Kononov, collided with him. Lumpkin died following the accident. Lumpkin's estate filed the present lawsuit against Scotlynn Commodities and the other defendants on August 9, 2012, seeking damages for Lumpkin's death. Lumpkin's estate represents that Scotlynn Commodities Inc. leased the tractor and trailer and provided insurance coverage for the truck and driver. Scotlynn Commodities is owned by Scott Bridle, who also serves as the president of the company.

1

The parties agreed to a scheduling order that required all non-medical depositions to be completed by June 30, 2013. Lumpkin's estate took the deposition of Wendy Carter, Scotlynn Commodities' Director of Safety, on June 25, 2013. On July 23, 2013, Lumpkin's estate served a notice of deposition for Biddle. Lumpkin's estate reported that it wanted to take Biddle's deposition to discover insurance information and to explore the corporate structure of Scotlynn Commodities. The defendants oppose the deposition, arguing that Biddle does not have knowledge of the incident and that the information sought is duplicative and irrelevant. It is the defendants' position that much of the information sought was discussed at Carter's deposition and that Lumpkin could obtain the remaining information through less burdensome means. The defendants now move for a protective order to quash the deposition notice of Biddle.

*Discussion*

A party may move for a protective order in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." **Federal Rule of Civil Procedure 26(c)(1).** The party requesting the protective order carries the burden of demonstrating good cause and can satisfy that burden by showing an adequate reason for the order. **8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2035 (3d ed.1998).** *See also* ***Gregg v. Local 305 IBEW***, 2009 WL 1325103, *8 (N.D.Ind. May 13, 2009) ("The burden rests upon the objecting party to show why a particular discovery request is improper.") (citing ***Kodish v. Oakbrook Terrace Fire Protection Dist.,*** 235 F.R.D. 447, 449-50 (N.D.Ill.2006)); ***McGrath v. Everest National Insurance Co.***, 2009 WL 1325405, *3 (N.D.Ind. May 13, 2009); ***Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services***, 2009 WL 692224, *5 (N.D.Ind. March 12, 2009)). Specific factual demonstrations are

2

required to establish that a particular discovery request is improper and that good cause exists for issuing the order. *See* **Felling v. Knight**, 211 F.R.D. 552, 554 (S.D.Ind. 2003) ("To establish good cause a party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements .' ") (quoting **Wilson v. Olathe Bank**, 184 F.R.D. 395, 397 (D.Kan. 1999)) (quoting **Gulf Oil Co. v. Bernard**, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)). *See also* **Harrisonville Telephone Co. v. Ill. Commerce Comm'n**, 472 F.Supp.2d 1071, 1078 (S.D.Ill. 2006) (stating that in order to establish good cause, the movant must rely on particular and specific demonstrations of fact, rather than conclusory statements).

The defendants argue that Biddle should not be subjected to a deposition because Lumpkin's estate already was provided with the defendants' insurance information, rendering the stated purpose of the deposition duplicative. Subjecting Biddle to questions that already have been answered would serve no purpose other than to harass, and if Lumpkin's Estate needs additional information, it could be obtained through less burdensome methods of discovery, including interrogatories.

In support of their argument, the defendants cite to **Patterson v. Avery Dennison Corp**., 281 F.3d 676, 681 (7th Cir. 2002). In **Patterson**, the Seventh Circuit affirmed the District Court's decision which declined to compel the deposition of a high-ranking executive of the defendant company. The court explained that the intended deponent was an executive of a multinational corporation, that he worked more than 1,000 miles from the facility where the plaintiff was employed, and that the plaintiff failed to take advantage of inexpensive and convenient methods of discovery. **Patterson**, 281 F.3d at 681. The defendants have not pointed to any factors that

3

would render Biddle's deposition similarly inconvenient and wasteful. In fact, Lumpkin's estate offered numerous accommodations, which included conducting the deposition by video conference and setting a time limit, which would ease the burden.  Biddle's position in the company alone is not a basis to deny Lumpkin's Estate's request to take his deposition.

Lumpkin's Estate stated seven reasons for seeking to take Biddle's deposition, which include determining the structure of Scotlynn USA, Inc. and its relationship with Scotlynn Commodities, Inc., determining whether Biddle saw reports that Roman Kononov authored and that Carter never saw, determining what discussions Biddle had with Carter about the incident, determining whether there were any internal meetings with other executives pertaining to the accident, determining the reason for the limits on its insurance policies, determining the responsibilities of the safety director, and determining the safety procedures implemented for the drivers.  Lumpkin's estate explains that Carter was unable to answer many of these questions at her deposition.  The defendants objected to each of these reasons as cumulative and irrelevant.

The defendants first argue that the corporate structure of Scotlynn USA and Scotlynn Commodities, Inc. is irrelevant to any party's claim or defense, and even if it was not, Carter explained that the corporate structure and the information could be obtained more easy through interrogatories. Upon review of Carter's deposition, she did provide an explanation of the structure of the companies Biddle owned.  However, Lumpkin's estate has pointed out that she was not able to describe fully the relationship.  Carter did not know who owned Scotlynn U.S.A. and testified that she only could tell Lumpkin's estate's attorney "a little, only what I know" about the company.  (Carter Dep. p. 16) She also was unable to describe fully what the company did.

Lumpkin's estate desires to conduct further exploration of the way the companies were run to determine whether it can hold the other entities liable for the incident. Because the scope of discovery is broad and this information is relevant to Lumpkin's Estate, it is subject to discovery. The defendants made broad statements that the information is cumulative and can be obtained by less burdensome means. However, it is not clear how the deposition would be overly burdensome in light of the accommodations Lumpkin's estate suggested. Biddle would not have to travel, and Lumpkin's estate is amenable to setting a time limit. The defendants have provided no explanation to show why these accommodations are unacceptable.

The defendants also object to the deposition as untimely because the parties agreed to conduct all non-medical depositions by June 30, 2013, and Lumpkin's estate did not serve notice of Biddle's deposition until the following July. However, the defendants did not raise this objection until they filed their reply brief, and therefore waived this argument. ***Hernandez v. Cook County Sheriff's Office***, 634 F.3d 906, 913 (7th Cir. 2011); ***Palmer v. Marion County***, 327 F.3d 588, 597 (7th Cir. 2003).

The defendants also object to the deposition topics because Scotlynn Commodities is not in possession of a report prepared by Roman Kononov. The defendants argue that Kononov took notes but did not prepare a report. Kononov does not remember who he gave the notes to, and Carter did not have knowledge of the notes. The court is not aware of any reason why Lumpkin's Estate cannot ask Biddle whether he saw the notes. Although Carter did not have knowledge of the notes, this is not telling of whether anyone else within the company was aware of the notes.

The defendants also complain that Carter laid out the discussion she had with Biddle and

that allowing Lumpkin's Estate to depose Biddle on this subject would be duplicative. However, Lumpkin's Estate should be allowed to inquire about Biddle's recollection of the conversation, which may differ from Carter's.

The defendants also object to Lumpkin's Estate inquiring about internal corporate meetings and the corporate thought process of having a $5 million insurance policy. The court agrees with the defendants that the internal meetings and reasons for the policy limits are not relevant to Lumpkin's Estate's claim. These topics would not shed light on whether the defendants were negligent. And because the corporation's insurance policy exceeded the legal requirements, the reason for their policy limits appears immaterial and will have no bearing on the outcome of the case or the amount to which Lumpkin's Estate is entitled.

Lumpkin's Estate also seeks to inquire into the reasons why Biddle hired Carter as the Safety Director and the safety procedures Biddle implemented and expected of his drivers. The defendants argue that Biddle's expectations are irrelevant because Carter was the Safety Director. However, it was Biddle's company, and as president he may have set some guidelines for the company and Carter to follow. Moreover, his decision to hire and allow Carter to make all the policy decisions related to safety may shed light on whether the company was negligent in establishing safety procedures. The court will allow Lumpkin's Estate to make this inquiry because the defendants have not shown that this question is repetitive or irrelevant.

Based on the foregoing reasons, the Motion for a Protective Order to Quash the Deposition Notice of Scotlynn Commodities, Inc.'s Owner and President Scott Biddle [DE 56] is **GRANTED IN PART and DENIED IN PART.**

ENTERED this 29th day of October, 2013

/s/ Andrew P. Rodovich
United States Magistrate Judge