# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DARIAN LUMPKIN, Personal Representative of the Estate of ZACHERY LUMPKIN, deceased, ) ) ) Plaintiff, ) ) v. ) ) ROMAN KONONOV, *et al.*, ) ) Defendants. ) | Case No. 2:12-cv-00320-APR |

## OPINION AND ORDER

This matter is before the court on the Motion to Allow Plaintiff to Re-Measure Her Motorcycle Over Defendant's Objection [DE 94] filed by the plaintiff, Darian Lumpkin, on July 21, 2014. For the following reasons, the motion is **GRANTED.**

*Background*

This matter arises from a collision that occurred on June 30, 2012 between a motorcycle operated by Zachery Lumpkin and a semi-truck driven by Roman Kononov. Both parties retained accident reconstruction experts to testify in this case. The two experts inspected the motorcycle at the same time and used the same tape measure for the measurements. However, the experts disagreed on one measurement. Some of the photographs taken by the defendant's expert, Kevin Vosburgh, appear to indicate that the "0" end of the tape was a number of inches to the right of the center axle of the wheel.

When questioned about the placement of the 0 at his deposition, Vosburgh replied "Well, unfortunately, you --- you guys didn't take that measurement there, and you can't see from this photo that if you were to look the other way, it [zero] would be right in line with the center of the

axle. This photo is from a different angle that's showing you a different view." (Def.'s Ex. A. p. 79-80) The defendants assert that the angle distorts where the measurement was taken from, but that Vosburgh testified that the photographs relied upon by the defendants when taking his deposition were not the basis of Vosburgh's opinions. Rather, the photographs demonstrate the manner in which the measurements were taken. The defendants further assert that Lumpkin's expert, David Sallmann, did not take this measurement and admitted that his measurements were based on him "eyeballing" the motorcycle.

On July 14, 2014, Lumpkin's counsel advised defense counsel that he intended to re-measure the front end damage to the decedent's motorcycle to confirm that the tape measure was not misplaced at the time of the first measurements. Lumpkin's counsel invited defense counsel to be present for the measurement, but defense counsel objected. Defense counsel argues that re-taking the measurement is unnecessary because its expert did not rely on the picture, the plaintiffs' request is untimely, and that it may be necessary to re-open discovery if the measurement is taken, further delaying this matter. Lumpkin now moves for permission to re-measure the motorcycle.

*Discussion*

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.****,* 206 F.R.D. 615, 619 (S.D. Ind. 2002)(quoting ***Oppenheimer Fund, Inc. v. Sanders****,* 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57

L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (citing *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see also Adams v. Target,* 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *Shapo v. Engle,* 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth."). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil Procedure 37(a)(2)-(3)**. The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 Ibew*, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(citing *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); *Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services*, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(citing *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (citing *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted). Rather, the

court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(examining *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted). *See also, Hunt v. DaVita, Inc*., 680 F.3d 775, 780 (7th Cir. 2012)(explaining that the district court has broad discretion in supervising discovery).

The defendants argue that Lumpkin failed to include a certificate detailing the good-faith efforts the parties undertook to resolve their discovery dispute prior to filing this motion with the court as required by Federal Rule of Civil Procedure 37 and Northern District of Indiana Local Rule 37-1. Normally, this type of failure is fatal to the moving party's request. However, the correspondence between the attorneys was attached as an exhibit to Lumpkin's motion, and it is evident that the parties were unable to reach an agreement. Rather than deny Lumpkin's motion without prejudice so that Lumpkin could re-file the motion with the requisite certificate, the court will address the parties' arguments on their merits.

The defendants complain that Lumpkin's request is untimely. The defendants argue that the only purpose of re-measuring the bike would be to amend Sallmann's report. If this were permitted, the defendants then would need to re-depose Sallmann on his new opinions. The defendants further assert that any change to Sallmann's testimony would impact Draganich's testimony and probably would result in re-deposing him as well. This is further complicated by the fact that Dangrich is located in Denver, Colorado. Because Lumpkin's expert reports were due on or before November 15, 2013, and the defendants were due by March 28, 2014, the

defendants argue that re-taking the measurement and supplementing the experts' reports is untimely and would only delay resolution of this matter.

At this time, Lumpkin is seeking only to re-measure the motorcycle. The Federal Rules of Civil Procedure do not prohibit Lumpkin from inspecting her own property. Lumpkin is not requesting to amend her expert's report, and neither party is requesting to re-open discovery. If such issues arise, the court can address those issues at the appropriate time. The court can see ways in which the re-measurement would not result in amendments to the experts' reports or the need to re-open discovery. If the measurement is incorrect, the plaintiffs may use this information to attack Vosburgh's theory. This is particularly true because his report was turned over prior to Vosburgh's. If the measurement is correct, then perhaps neither party would consider amendments or additional discovery. Discovery is a truth-seeking mission and denying the opportunity to re-measure the motorcycle would be contrary to this intent. *See e.g.* **Sherrod v. Lingle**, 223 F.3d 605, 613 (7th Cir. 2000) (explaining that discovery is a fact-finding mission).

Based on the foregoing reasons, the court **GRANTS** the Motion to Allow Plaintiff to Re-Measure Her Motorcycle Over Defendant's Objection [DE 94].

ENTERED this 3rd day of September, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge